PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| LAURA HUNTER, ) | CASE NO. 5:09-CV-02555 |
| Plaintiff, ) | |
| v. ) | MAGISTRATE JUDGE PEARSON |
| FRED MARTIN NISSAN, LLC, ) | |
| Defendant. ) | **MEMORANDUM OF OPINION AND ORDER** |

Before the Court is Plaintiff Laura Hunter's Motion to Stay the case "pending the adjudication of a related case in state court." ECF No. 11.[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge. ECF No. 10.

On November 2, 2009, Plaintiff Laura Hunter ("Hunter") filed a Complaint asserting a violation pursuant to "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., to redress sexual harassment, retaliation and constructive discharge from employment." ECF No. 1 at 1. Hunter filed the Motion to Stay on January 22, 2010, based upon a pending related case in State court, *Laura Hunter v. Fred Martin Nissan, LLC, et al.*, Summit County

---

[1] Hunter filed the motion to stay on January 18, 2010, ECF No. 8, and a revised motion on January 22, 2010. ECF No. 11. The revised motion "deletes references to amendments which may or may not be made in the state court action." ECF No. 11 at 1. The Court's order refers to the revised motion, ECF No. 11.

(5:09-CV-02555)

Court of Common Pleas, No. CV-2009-06-4354. ECF No. 11 at 1. Hunter asserts:

> The State case has been pending over six months. The parties have exchanged extensive written discovery, and are now scheduling depositions. The federal case was only recently filed, as the federal claims were not ripe for suit until a notice of right to sue was issued by the Equal Employment Opportunity Commission.

ECF No. 11 at 2.[2] Additionally, Hunter asserts that the State court case addresses a broader array of issues with additional defendants and liability. ECF No. 11 at 2. Defendant opposed the motion to stay but did not dispute Hunter's factual allegations.[3] ECF No. 16.

The Court finds that requiring the parties to litigate the instant matter in both Federal and State Court simultaneously would be avoidably duplicative. The State case substantially overlaps the Federal case. Proceeding with the Federal case at this time would needlessly dilute the attentions of counsel and unnecessarily burden the parties' limited resources and those of the Court. *See Adrian Energy Assocs. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414 (6th Cir. 2007) (granting stay to avoid interference with the pending State case).

Plaintiff's Motion to Stay is GRANTED.

Further, the Court Orders counsel for the parties to jointly file a Status Report every

---

[2] The EEOC's Dismissal and Notice of Rights, *i.e.*, "Right to Sue" notice, bears the "Date Mailed" of August 3, 2009. *See* ECF No. 1-1.

[3] All Court references are to Defendant's revised opposition filed on February 3, 2010, ECF No. 16.

(5:09-CV-02555)

forty-five (45) days from the date of this order to apprise the Court of the status of the State court case.

    IT IS SO ORDERED.

| | |
|---|---|
|  February 3, 2010 |   s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |